## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| Jackie Bland, Tamortha Bruster, Myrtle Bryson, Antonio Burch, and Steven Case, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 6:10-cv-00928-JMC |
| v. | ) ) | **OPINION AND ORDER** |
| House of Raeford Farms, Inc. d/b/a Columbia Farms, | ) ) ) | |
| Defendant. | ) ) ) | |

Plaintiffs Jackie Bland ("Bland"), Tamortha Bruster ("Bruster"), Myrtle Bryson ("Bryson"),

Antonio Burts ("Burts")[1], and Steven Case ("Case," and collectively "Plaintiffs") brought this action

against Defendant House of Raeford, Inc. d/b/a Columbia Farms ("Columbia Farms") alleging that

Columbia Farms wrongfully discharged them from employment in retaliation for instituting workers'

compensation claims. Columbia Farms filed a Motion for Summary Judgment [Doc. 12] as to each

Plaintiffs' claims. For the reasons stated below, the court grants in part and denies in part Columbia

Farms's Motion for Summary Judgment [Doc. 12].

### FACTUAL AND PROCEDURAL BACKGROUND

Columbia Farms operates a chicken processing plant located in Greenville, South Carolina.

The Greenville plant is covered by a collective bargaining agreement ("CBA") that prescribes certain

---

[1]The case caption includes named plaintiff Antonio Burch. However, multiple documents in the record, including depositions, signed statements, medical records and employment records, indicate that plaintiff's name is Antonio Burts. *See* [Docs. 19-8, 19-9, 19-10, and 19-40]. Accordingly, the court refers to plaintiff as Antonio Burts. Plaintiffs' counsel is instructed to inform the court of plaintiff's correct name and file a motion to correct the case caption if appropriate.

terms and conditions of employment.  Under the CBA, Columbia Farms uses a point system for absences. Pursuant to this system, employees are charged points for absences and tardiness. One half-point is accessed if an employee arrives late or leaves early; a full point is assessed if an employee misses a day of work on Tuesday, Wednesday, Thursday, or Friday; and a point-and-a-half is assessed if an employee misses an assigned Monday, Saturday, or Sunday.  If an employee has a medical excuse for an absence for illness or injury that is not work-related, one point is assessed for the entire period of medically excused leave, even if the leave is longer than one day.  However, only a half-point is deducted when an employee works thirty (30) days without receiving any new points. An employee may be automatically terminated if he or she is absent two consecutive days without notifying Columbia Farms.  The attendance policy provided to the employees does not explain how Columbia Farms accounts for absences due to work work-related injuries.  All plaintiffs were instructed about Columbia Farms's attendance point system at orientation, and signed a document acknowledging that they have been so informed.

An employee who has an accident, or is injured or becomes ill at work, is required to report the incident to his or her supervisor, or to Teresa Taylor, who is the plant nurse.  Taylor assesses the individual's condition and determines whether the injury requires the attention of the company doctor.  The company doctor then determines whether an injury qualifies as a work-related injury necessitating the filing of a workers' compensation claim.  If Taylor determines that the injury only requires first aid, she does not refer the employee to the company doctor for examination. Columbia Farms requires its employees to seek medical care for work-related injuries from the company doctor and provides for the filing of workers' compensation claims only through its company doctor. Although Columbia Farms does not expressly advise its employees whether they can or cannot file

workers' compensation claims in another manner, it does advise its employees that they may only seek medical care for a work-related injury with the permission of Columbia Farms.

**Jackie Bland**

Jackie Bland began his employment with Columbia Farms on September 18, 2009, while under a work-release program administered by the South Carolina Department of Corrections and continued his employment after his release. Shortly after beginning work with Columbia Farms, Bland began to complain of recurring hand pain to the plant nurse. The nurse administered first aid treatment to Bland's hands several times by rubbing a topical pain reliever on his hands. The nurse never referred Bland to the company doctor. Sometime thereafter, Bland alleges that he called to notify Columbia Farms that his hand pain was so severe that he needed to visit the hospital emergency room. According to Bland, he was advised that he was required to come to work instead of seeing a doctor and that if he did not report to work, he would be fired. Bland admits that he decided to see the doctor instead of going to work on that day, and contends that he did not return to work because he believed Columbia Farms had fired him for his decision. Columbia Farms alleges that it terminated Bland's employment because he was absent from work for two days and failed to report.

**Tamortha Bruster**

Tamortha Bruster commenced work at Columbia Farms on December 5, 2008. In January of 2009, Bruster allegedly injured her finger at work. She notified her supervisors of the injury and saw the plant nurse. The nurse wrapped Bruster's finger several times thereafter, but did not refer Bruster to the company doctor. Bruster contends that her fingernail turned black and she went to the hospital emergency room for medical attention where she received prescriptions for pain and

3

infection. Bruster continued to work and visited the plant nurse several more times regarding continuous problems with pain and discoloration of her fingernail. Bruster alleges that her fingernail then turned green and she made a subsequent visit to the hospital emergency room. Bruster admits that she missed several days of work due to the pain in her finger and doctors' visits related thereto, but insists that she presented doctors' notes excusing her absences to Columbia Farms which were refused by Columbia Farms. After Bruster's doctor's visit in April of 2009, Columbia Farms contends that she had accumulated too many attendance points and was recorded as a voluntary termination for failure to return to work.

**Myrtle Bryson**

Myrtle Bryson began her relevant employment with Columbia Farms on October 15, 2008. Shortly after commencing employment, Bryson asserts that she visited the plant nurse with a complaint of wrist pain. The nurse applied a topical pain reliever to the area and returned to work. Bryson saw the plant nurse again with the same complaint and the nurse informed her that she should go home and could not return to work without a doctor's clearance. Bryson obtained medical attention from a private doctor who provided a note indicating the she could return to work with no restrictions. Bryson never returned to see a doctor regarding the pain in her wrists and did not visit the plant nurse. Subsequently, Bryson left her assigned work station during her shift and did not return to Columbia Farms. Columbia Farms asserts that Bryson voluntarily ceased employment with the company.

**Antonio Burts**

Antonio Burts began his relevant employment with Columbia Farms on March 6, 2009. While cleaning a machine using a pump spray, Burts claims he was exposed to sanitizing chemicals,

4

which penetrated his protective clothing and caused reddening of the skin and discomfort on his right arm, hand and shoulder which he describes as a chemical burn. Burts saw the plant nurse who administered a cream to the affected area. He received additional applications of the cream in the following days at work. At some point, Burts contends that he requested the nurse to allow him to see a doctor, but the nurse declined to do so and informed him that he was not released to leave work to visit the hospital emergency room. Despite the nurse's warning of discipline if he left, Burts went to the emergency room. He contends that he attempted to provide Columbia Farms with a doctor's excuse for his missed time at work, but Columbia Farms refused to accept it. Columbia Farms argues that it terminated Burts because he left his work station without permission and failed to contact Columbia Farms until several days after his doctor's visit.

**Steven Case**

Steven Case began his employment with Columbia Farms on December 5, 2008. Case began to experience hand pain in January of 2009 and reported to the plant nurse for treatment. The nurse applied a topical pain reliever and wrapped his hand several times through April of 2009. Case alleges that during one of his visits to the nurse, she informed him that if he could not do the assigned job, Columbia Farms did not need his services. He further contends that he requested to see the doctor and was told to see his own doctor. Case received medical attention from his doctor who diagnosed him with strained tendinitis and alleges that the doctor advised him not to work for approximately two weeks. He claims that he informed the plant nurse that the doctor placed him on medical leave for two weeks and she instructed him to bring a doctor's excuse upon his return to work. The day before Case was to return to work, he claims that he called Columbia Farms and a female employee responding to his call told him he was on the termination list. Therefore, Case

5

testified that he did not return to Columbia Farms.  Columbia Farms asserts that Case told the plant nurse that he could not do his job due to a non-work related incident and was terminated for excessive attendance points for failing to return after the expiration of his medical leave.

None of the Plaintiffs filed formal workers' compensation claims prior to their termination of employment with Columbia Farms.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law.

In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The court need not credit the non-movant with every possible inference that can be drawn from the evidence, but only those inferences which are in the range of reasonable probability. *See Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817-18 (4th Cir. 1995).  Inferences that rest solely upon speculation and conjecture are not appropriate for consideration. *Id.*  If a reasonable jury could reach only one conclusion based on the evidence, judgment as a matter of law must be entered. *See Crinkley v. Holiday Inns, Inc.*, 844 F.2d 156, 160 (4th Cir.1988).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

Plaintiffs bring claims against Columbia Farms alleging that Columbia Farms committed unlawful and retaliatory acts against them after Plaintiffs experienced work-related injuries. Columbia Farms requests the court enter summary judgment in its favor on these claims because Plaintiffs either did not file workers' compensation claims prior to termination or were properly terminated for violating company policy.

South Carolina law provides that "[n]o employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the South Carolina Workers' Compensation Law." S.C. Code Ann. § 41-1-80 (Supp. 2003). In order

to prove a claim under § 41-1-80, a plaintiff must establish three elements: (1) the institution of workers' compensation proceedings, (2) discharge or demotion, and (3) a causal connection between the first two elements. *See Hinton v. Designer Ensembles, Inc.*, 343 S.C. 236, 242, 540 S.E.2d 94, 97 (2000). To establish causation under § 41-1-80, the employee must show that he would not have been discharged "but for" the filing of the workers' compensation claim. *Id*.

It is not necessary for a plaintiff to have filed a formal workers' compensation claim to demonstrate that he or she has instituted sufficient workers' compensation proceedings to proceed on an action for retaliation. South Carolina courts have recognized other conduct as sufficient to have instituted a proceeding including the employer's agreement to pay or payment of medical care or the employer's receipt of written notice from an independent health care provider in the form of a bill for medical services rendered to an injured employee. *Johnson v. J.P. Stevens & Co.*, 308 S.C. 116, 119, 417 S.E.2d 527, 529 (1992)

The purpose of Section 41-1-80 cannot be avoided by firing an injured employee before he or she files a claim. *Id*. However, an employer may terminate an employee for inability to meet established employer work standards or may terminate an employee for the violation of specific written company policy. Such terminations may constitute an affirmative defense under section 41-1-80. *See Hinton*, 343 S.C. at 242, 540 S.E.2d at 97. While the employer has the burden of proving its affirmative defenses, the employer does not have the burden of establishing the affirmative defenses are causally related to the discharge. *See Horn v. Davis Elec. Constructors, Inc.*, 307 S.C. 559, 416 S.E.2d 634 (1992). If the employer articulates a legitimate, non-retaliatory reason for the termination, the proximity in time between the work-related injury and the termination is not

sufficient evidence to carry the employee's burden of proving a causal connection. *See Hinton*, 343 S.C. at 243, 540 S.E.2d at 97.

Columbia Farms contends that the retaliation claims asserted by Plaintiffs are due to be dismissed because none of the Plaintiffs instituted workers' compensation proceedings – either formally by filing a workers' compensation charge or constructively, as by securing the employer's agreement to pay for medical care or the employer's receipt of written notice from an independent health care provider in the form of a bill for medical services rendered to an injured employee. Columbia Farms also argues that the evidence establishes that Plaintiffs were discharged for legitimate, non-pretextual, non-discriminatory reasons – chiefly violation of the company's written absentee policy, memorialized in the CBA. Columbia Farms and Plaintiffs Bland, Bruster, Burts, and Case provide competing explanations of the circumstances surrounding the alleged work-related injuries, the reporting of those injuries to Columbia Farms, and the termination of each of these Plaintiffs. Viewing the facts in the light most favorable to Plaintiffs, the court finds that there are genuine disputes of material fact which prevent a judgment as a matter of law on these Plaintiffs' claims. Therefore, the court denies Columbia Farms's request for summary judgment as to the retaliation claims of Plaintiffs Bland, Bruster, Burts, and Case.

As to Plaintiff Bryson's claim, the court finds that there is no genuine dispute of material fact. The record indicates that Bryson saw the plant nurse twice for wrist pain and was thereafter cleared for work by a physician. Although Bryson alleges that she continued to experience wrist pain, there is no dispute that Bryson did not seek further attention from the plant nurse or a doctor. Instead, the record reflects that Bryson voluntarily left her work assignment and never returned to Columbia Farms. While there may be some dispute over whether Bryson actually suffered a work-related

injury, there is no dispute that Bryson left Columbia Farms employ of her own will and was not terminated in connection with injury-related complaints or absences. Therefore, the court grants Columbia Farms's motion for summary judgment on Plaintiff Bryson's claim.

## CONCLUSION

For the foregoing reasons, Defendant House of Raeford, Inc. d/b/a Columbia Farms's Motion for Summary Judgment [Doc. 12] is **GRANTED IN PART AND DENIED IN PART.** The court denies summary judgment on the retaliation claims of Plaintiffs Bland, Bruster, Burts, and Case and grants summary judgment on Plaintiff Bryson's claims.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 19, 2011
Greenville, South Carolina