IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jackie Bland, Tamortha Bruster, Myrtle Bryson, Antonio Burts, and Steven Case, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 6:10-cv-00928-JMC |
| v. | ) ) | **OPINION AND ORDER** |
| | ) ) | |
| House of Raeford Farms, Inc. d/b/a Columbia Farms, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiffs brought an action against Defendant in which certain individual Plaintiffs alleged that Defendant committed retaliatory acts against them in response to Plaintiffs' assertion of workers' compensation claims. Before the court is Plaintiffs' Motion for Remedies and Relief Due to Defendant's Spoliation of Evidence [Doc. 51] alleging Defendant's spoliation of evidence relevant to this litigation. Plaintiffs request that the court issue a default judgment in favor of Plaintiffs on their workers' compensation retaliation claims and assess appropriate sanctions, costs, attorney fees, and reimbursement of costs associated with a forensic computer exam. In the alternative, Plaintiffs request that, when ruling on the merits of this case, the court infer that "altered and destroyed evidence would have been unfavorable to Defendant" and order reimbursement of the costs associated with Plaintiffs' forensic computer exam. For the reasons stated below, Plaintiffs' Motion is denied.

1

**FACTUAL BACKGROUND**

During a hearing for a state court trial in the Greenville County Court of Common Pleas Plaintiffs became aware of the possible existence of a list allegedly maintained by Defendant's employee Teresa Taylor ("Taylor"), including the "names of employees who should be terminated because they requested medical attention too often." [Doc. 37 at 2]. At the state court hearing, Tracey Hawkins ("Hawkins"), a former employee of Defendant, testified that Taylor maintained the list. Hawkins testified that she saw at least two names on the list, Shebra Bruton and Ashley Patton. Upon learning of the alleged existence of the list, Plaintiffs served a subpoena on Taylor requesting:

> any and all electronic/paper documents and/or lists created by Teresa Taylor on her work computer at Columbia Farms, in digital or paper form, which name current and/or former employees of Columbia Farms who have come to the nurse's office within the last 5 years seeking medical treatment, which lists are provided by Teresa Taylor to supervisors of those employees, but excluding the nurse's logs referred to by Teresa Taylor in her depositions previously taken.

[Doc. 51-4 at 2].

In the case before this court, Plaintiffs filed Plaintiffs' Motion for an Immediate Forensic Exam of Defendant's Employee Teresa Taylor's Computer [Doc. 37], seeking to examine Taylor's computer and recover the alleged list. The court found that, if such a list existed, production of the list would have been responsive to Plaintiffs' discovery requests; therefore, the court issued a Text Order [Doc. 49] granting Plaintiffs' Motion for an Immediate Forensic Exam of Defendant's Employee Teresa Taylor's Computer.

Plaintiffs' forensic exam of Taylor's computer revealed two files named "Frequent Visitors to Nurse Office." The two files were different versions of the same file from different points in time. Plaintiffs' expert testified that both files had been created on November 11, 2009. Plaintiffs' expert

2

testified at trial that both files were discovered on the computer's external hard drive, not the internal hard drive. He further testified that he found no evidence that the lists had ever existed on the internal hard drive. The first file had been modified on October 11, 2011, the day after the subpoena was served. The second file was last modified on April 22, 2010. However, Plaintiffs' expert testified that the modifications were not necessarily alterations to the documents, but could have been due to saving the lists without making any changes to them. The lists did not contain the names of any of the Plaintiffs in this case. All except two Plaintiffs, Samantha Earle and Jackie Bland, were terminated from employment before the creation date of the lists. Now before the court is Plaintiffs' Motion for Remedies and Relief Due to Defendant's Spoliation of Evidence.

## LEGAL STANDARD

"Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (citing *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). "The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Id.* at 591. Through its "inherent power to control the judicial process and litigation," the court may impose sanctions for the spoliation of evidence. *Id.* However, the court is limited to imposing only those sanctions which are "necessary to redress conduct 'which abuses the judicial process.' " *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123 (1991)). Imposition of an appropriate sanction is left to the broad discretion of the court, but any sanction should be defined "to serve the

prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." *Id.* (quoting *West*, 167 F.3d at 779).

A party seeking sanctions for the spoliation of evidence must demonstrate: 1) that the evidence alleged to have been altered or destroyed is relevant to the litigation; 2) that there was a duty to preserve the evidence at the time it was altered or destroyed; and 3) that the spoliating party acted intentionally. *See Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995); *Silvestri,* 271 F.3d at 591. "When a proponent's intentional conduct contributes to the loss or destruction of evidence, the trial court has discretion to pursue a wide range of responses both for the purpose of leveling the evidentiary playing field and for the purpose of sanctioning the improper conduct." *Vodusek*, 71 F.3d at 156 (citing *Nation-Wide Check Corp. v. Forest Hills Distribs., Inc.*, 692 F.2d 214, 217-18 (1st Cir. 1982)). It is not required that the party seeking sanctions show the existence of bad faith. *See Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 450 (4th Cir. 2004). However, the court will not generally impose the harsh sanctions of dismissal and default judgment without a showing of bad faith or proof that the spoliation effectively prevents the innocent party from prosecuting its case. *See Silvestri*, 271 F.3d at 593.

## DISCUSSION

Plaintiffs argue that Defendant engaged in spoliation of evidence relevant to Plaintiffs' claims. In support of their argument, Plaintiffs assert that Hawkins testified that Taylor kept a list of names on her computer of employees who should be terminated because they requested medical attention too often. Further, Plaintiffs assert that Defendant's modification of the lists retrieved by Plaintiffs' expert constitutes spoliation. Hawkins testified that she had never seen the lists that were recovered by Plaintiffs' expert; therefore, Hawkins's testimony is not sufficient to support Plaintiffs'

4

allegations that Defendant modified the lists. Hawkins merely testified that she had seen a list that looked similar to one of the pages of the lists recovered by Plaintiffs' expert. Although the lists were not present on the internal hard drive of Taylor's computer, the lists were preserved on the external hard drive, and therefore not destroyed. Further, Plaintiffs do not dispute Defendant's argument that any alleged modification of the lists may have been due to saving the document without making any alterations.

The court finds that Plaintiffs have failed to demonstrate that the lists in question have been altered or destroyed. Accordingly, Plaintiffs' Motion is denied.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' Motion for Remedies and Relief Due to Defendant's Spoliation of Evidence [Doc. 51] is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

April 27, 2012
Greenville, South Carolina